IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>vs.<br><br><br>JACOB KINGSTON, ISAIAH KINGSTON, and LEV DERMEN,<br><br><br>        Defendant. | **ORDER DENYING MOTION FOR BILL OF PARTICULARS**<br><br><br>Case No. 2:18-cr-00365-JNP-BCW<br><br>Judge Jill N. Parrish<br><br>Magistrate Brooke C. Wells |

This matter was referred to the undersigned by Judge Jill N. Parrish pursuant to 28 U.S.C 636(b)(1)(A).[1] Before the undersigned are two motions, a *Motion for Bill of Particulars*[2] from Sally Kingston (Sally) and a *Motion for Bill of Particulars*[3] from Rachel Ann Kingston (Rachel Ann).[4] After reviewing the parties' memoranda, the court DENIES both motions for bills of particular.

---

[1] ECF No. 59.
[2] ECF No. 194.
[3] ECF No. 203.
[4] Both motions combined an Objection to Magistrate Judge's December 7, 2018 Order [ECF No. 100]. Judge Jill N. Parrish is handling the portions of these filings pertaining the objections to the protective order, and the undersigned is handling the motions for bill of particulars. *See* ECF No. 211.

## BACKGROUND AND ANALYSIS

Neither Sally nor Rachel Ann were named in the original or superseding indictments.[5] On January 17, 2019, five months after the commencement of this action, the government filed a Second Superseding Indictment (the Indictment) which contains 46 counts and names six defendants.[6] Sally was charged with one count of conspiracy to commit mail fraud (Count One) and one count of conspiracy to commit money laundering (Count 23).[7] Rachel Ann was charged with one count of conspiracy to commit mail fraud (Count One), one count of conspiracy to commit money laundering (Count 23), two counts of money laundering (Counts 40-41), and one count of destroying and concealing records (Count 45).[8] Both Sally and Rachel have moved for bills of particular.

"[T]he granting or denial of a motion for bill of particulars is left to the discretion of the trial court."[9] Generally, if the particular requested is "not such that the Court can determine on its own that nondisclosure until trial would result in prejudicial surprise or the preclusion of an opportunity for meaningful defense preparation, then the Court must balance the competing interests of the defense and government."[10] Here, both Sally and Rachel Ann argue they will be prejudiced by denial of the bill of particulars due to 1) time constraints, 2) volume and complexity of the discovery, and 3) group-pleading approach of the Indictment. Specifically, regarding the latter, Sally and Rachel Ann aver that because the Indictment refers to all defendants as "they" in more than 50 subparagraphs, without factual specifics about each

---

[5] *See* ECF Nos. 1 and 95.
[6] *See* ECF No. 135.
[7] *Id*. at 2.
[8] Thus, the counts at issue regarding Sally and/or Rachel are: one, twenty-three, forty, forty-one and forty-five.
[9] *United States v. Wright*, 826 F.2d 938, 942 (10th Cir. 1987) (internal citations omitted).
[10] *Id*. at 943 (internal citations omitted).

defendant, trial preparation may turn into a "wild goose chase" as the Indictment does not articulate a theory of criminal liability against them.

As a preliminary matter, the court does not find the Indictment is facially insufficient. On the contrary, it is framed in the statutory language and is quite specific for each count. For example, Count One contains two detailed lists of 37 U.S. Treasury Checks, including mailing dates and amounts, as well as 39 Internal Revenue Service Forms reporting biodiesel credits, including dates, gallons and amounts claimed. Likewise, Count 23 also contains a chart of 305 financial transactions totaling $3.26 billion in transfers between Washakie and other entities, including time frames, number of transactions and total transfer amounts. Counts 40-41, also contain a detailed chart, naming individual defendants and providing dates and amounts of money transfers. Finally, Count 45 provides details about the destruction of and removal of records and documents on hard-drives on a specific date and location.

"Mere recitation of volume and complexity" is not enough to establish prejudicial surprise.[11] "It is not the function of a bill of particulars 'to disclose in detail evidence upon which the government will rely at trial.'"[12] "A bill of particulars is not necessary if the indictment sets forth the elements of the offense charged and sufficiently apprised the defendant of the charges to enable him to prepare for trial."[13] Foremost, a defendant is not entitled, as part of the indictment, to the "factual proof that will be relied upon to support the charges."[14]

It is undisputed the government has produced voluminous and complete discovery. Instead, both Sally and Rachel Ann aver they need a bill of particulars to learn the government's

---

[11] *Id*. at 944.
[12] *Id.* (citing *U.S. v. Barbieri*, 614 F.2d 715, 719 (10th Cir. 1980).
[13] *U.S. v. Levine*, 983 F.2d 165, 167 (10th Cir. 1992).
[14] *U.S. v. Dunn*, 841 F.2d 1026, 1029 (10th Cir. 1988).

theory of the case for trial preparation. Here, the Indictment describes in detail all alleged instances of mail fraud, money laundering and destruction of records. Likewise, Sally and Rachel Ann will have access to the government's file, including Jenck's material, prior to trial. Lastly, the Indictment is not facially insufficient. Given the full disclosure here, the court concludes neither Sally nor Rachel Ann will be prejudiced or inhibited in their trial preparation. As such bill of particulars is not warranted[15] and the Motions for Bill of Particulars [ECF Nos. 194 and 203] are DENIED.

      IT IS SO ORDERED.

      DATED this 18 April 2019.

                              Brooke C. Wells
                              United States Magistrate Judge

---

[15] *Levine*, 983 F.2d at 167.