D. Loren Washburn (#10993)
  lwashburn@smithwashburn.com
Jacob L. Fonnesbeck (#14176)
  jfonnesbeck@smithwashburn.com
**SMITH WASHBURN, LLP**
8 East Broadway, Suite 320
Salt Lake City, UT 84111
Telephone:  (801) 584-1800
Facsimile:   (801) 584-1820

*Attorneys for Sally L. Kingston*

---

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>v.<br><br>JACOB O. KINGSTON, *et al.*,<br><br>      Defendants. | **MOTION FOR *JAMES* HEARING**<br><br>Case No. 2:18-cr-00365-JNP |

## I.      INTRODUCTION

Defendant Sally Kingston hereby moves the Court for a *James* hearing to determine which statements, if any, the government will be entitled to introduce at trial pursuant to Federal Rule of Evidence 801. To avoid the possibility that the government will introduce hearsay statements that will also deny Sally Kingston of her Confrontation Clause rights under the guise of alleged co-conspirator statements, the Court should hold a *James* hearing at which the Court can determine whether the preconditions for admitting statements under Rule 801 are satisfied.

## II.      PROCEDURAL HISTORY

As the Court is aware, this case has been pending since August 2018. Defendant Sally Kingston was charged for the first time in a second superseding indictment filed on January 17, 2019. (ECF No. 135.) Sally Kingston is charged in two counts: one conspiracy to commit mail fraud and one conspiracy to commit money laundering.

In a recent filing the government explained that it intended to rely on the acts and

statements of Sally Kingston's alleged co-conspirators to prove her liability for certain crimes. (ECF No. 215 at 3–4.) More specifically, the government explained, "[G]iven that conspiracies are by their very nature group endeavors, the manner and means are undertaken by multiple co-conspirators, all of whom are liable for the unlawful acts of the conspiracy." (*Id* at 4.) Presumably this includes statements, such as text messages and emails, that are hearsay.

## III.   APPLICABLE LAW

Under Federal Rule of Evidence 801(d)(2)(E), "[a] statement is not hearsay if . . . [t]he statement is offered against a party and is . . . a statement by a coconspirator of a party during the course and in furtherance of the conspiracy." Statements by a conspirator are in furtherance of the conspiracy when they are "intended to promote the conspiratorial objectives." *United States v. Reyes*, 798 F.2d 380, 384 (10th Cir.1986) (quotation omitted).

"Under Tenth Circuit law, a district court can only admit coconspirator statements if it holds a *James* hearing or conditions admission on forthcoming proof of a 'predicate conspiracy through trial testimony or other evidence.'" *United States v. Townley*, 472 F.3d 1267, 1273 (10th Cir. 2007) (*quoting United States v. Owens*, 70 F.3d 1118, 1123 (10th Cir.1995)). The Tenth Circuit has, "repeatedly mentioned, however, '[its] strong preference for *James* proceedings.'" *Id.* (*quoting United States v. Gonzalez–Montoya*, 161 F.3d 643, 648 (10th Cir.1998).

As the Tenth Circuit recently explained in its decision in *United States v. Alcorta*, 853 F.3d 1123, 1138 (10th Cir. 2017)[1], the preferred procedure in the Tenth Circuit typically involves "two lengthy hearings . . . to determine if the coconspirator exception was satisfied." At the first *James* hearing the Court should take what evidence it needs to determine whether the government can show by a "preponderance of evidence that a conspiracy existed and that it included the defendants" against whom the statements are intended to be offered as well as the declarant. *Id*. Then, at a second hearing the Court should evaluate "how specific conversations fit within the coconspirator exception" requiring the government to provide "rationales" for each statement it

---

[1] *Cert. denied*, 138 S. Ct. 1306, 200 L. Ed. 2d 505 (2018), *reh'g denied*, 138 S. Ct. 2670, 201 L. Ed. 2d 1066 (2018)

4838-0199-8229, v. 1

intends to introduce under Rule 801. *Id*. Any alleged coconspirator statements the government has not identified in the *James* process should not be admitted under Rule 801(d)(2)(E) at the eventual trial.

The admission of any statement not fully vetted under this process would implicate the defendants' rights under the Confrontation Clause of the Sixth Amendment, not to mention a violation of the hearsay rules. See generally *United States v. Townley*, 472 F.3d 1267, 1273 (10th Cir. 2007).

## IV.    ARGUMENT

The government intends to offer statements of co-defendants and other as-yet-unidentified alleged co-conspirators to prove its case against Defendant Sally Kingston. At this point the government has not given any idea what statements it plans to introduce as coconspirator statements, has not articulated any evidence—or even included allegations in the indictments— that would establish that Sally Kingston was a part of any conspiracy. All the government has offered to date are conclusory and general allegations.

Under Tenth Circuit precedent there is a strong preference to require the government to prove the existence of a conspiracy and that each statement it wants to introduce was made in furtherance of that conspiracy before such statements can be introduced at trial. The best practice for holding a *James* hearing is to have a two-part hearing at which the government must first prove the existence and scope of the conspiracy and in the second part to identify each statement it intends to offer and provide the rationale for its assertion that each statement was made in furtherance of the conspiracy.

The Court should require the government to follow this preferred process before trial in this matter before any statement may be introduced under Rule 801(d)(2)(E).

For the *James* hearing process to be effective, the government should first be required to identify each statement—whether written or in the form of testimony of a witness to be introduced at trial—that it intends to introduce pursuant to Rule 801(d)(2)(E). After the statements have been identified, the Court should hold the two-part *James* hearing as described in the Tenth Circuit's

opinion in *Townley*. The parties should then be allowed to brief any remaining issues and have a decision on the admission of statements under Rule 801 prior to trial.

## V.      CONCLUSION

Defendant Sally Kingston moves the Court to hold a *James* hearing as preferred under the Tenth Circuit's precedent.

DATED: April 29, 2019                                    SMITH WASHBURN, LLP

                                        /s/ D. Loren Washburn
                                        D. Loren Washburn
                                        *Attorneys for Sally L. Kingston*

4838-0199-8229, v. 1

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on April 29, 2019, the foregoing **MOTION FOR *JAMES* HEARING**

was served on the person(s) named below via the Court's electronic filing system:

Adam S. Elggren
U.S. ATTORNEY'S OFFICE
111 Main Street, #1800
Salt Lake City, UT 84111
adam.elggren@usdoj.gov

Arthur J. Ewenczyk
Leslie A. Goemaat
U.S. DEPARTMENT OF JUSTICE
TAX DIVISION CRIMINAL ENFORCEMENT
601 D Street NW, 7th Floor
Washington, DC 20004
arthur.j.ewenczyk@usdoj.gov
leslie.a.goemaat@usdoj.gov

Richard M. Rolwing
U.S. ATTORNEY'S OFFICE – TAX DIVISION
303 Marconi Blvd., Suite 200
Columbus, OH 43215

*Attorneys for the United States of America*

Marc A. Agnifilo
Teny R. Geragos
BRAFMAN & ASSOCIATES
767 Third Avenue, Floor 26
New York, NY 10017
magnifilo@braflw.com
tgeragos@braflaw.com

Walter F. Bugden
Tara L. Isaacson
BUGDEN & ISAACSON LLC
445 East 200 South, Suite 150
Salt Lake City, UT 84111
wally@bilaw.net
tara@bilaw.net

*Attorneys for Jacob O. Kingston*

////

////

////

**MOTION FOR *JAMES* HEARING**
**CASE NO. 2:18-CR-00365, PAGE 5**

Mark J. Geragos
Linda Moreno
GERAGOS & GERAGOS APC
644 S. Figueroa Street
Los Angeles, CA 90017
mark@geragos.com
geragos@geragos.com

Jon D. Williams
JON D WILLIAMS PC
9 Exchange Place, Suite 600
Salt Lake City, UT 84111
jwilliam@lawyer.com

*Attorneys for Lev Aslan Dermen*

Scott C. Williams
SCOTT C WILLIAMS LLC
43 East 400 South
Salt Lake City, UT 84111
scwlegal@gmail.com

*Attorneys for Isaiah Elden Kingston*

Cara M. Tangaro
TANGARO LAW PC
35 W. Broadway, Suite 203
Salt Lake City, UT 84101
cara@tangarolaw.com

*Attorneys for Rachel Ann Kingston*

Samuel Alba
SNOW CHRISTENSEN & MARTINEAU
10 Exchange Place, 11th Floor
P.O. Box 45000
Salt Lake City, UT 84145
sa@scmlaw.com

*Attorneys for Intervenors*

/s/ Melina Hernandez